## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 30 2016, 9:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John E. Bulington, | March 30, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 79A05-1507-CR-956 |
| v. | Appeal from the Tippecanoe Superior Court |
| State of Indiana, | The Honorable Sean M. Persin, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 79D05-1502-F6-67 |

**Baker, Judge.**

John E. Bulington appeals the two-year sentence imposed by the trial court after Bulington pleaded guilty to one count of Theft,[1] a Level 6 Felony. Bulington argues that the sentence is inappropriate in light of the nature of the offense and his character. Finding that the sentence is not inappropriate, we affirm.

## Facts

On February 16, 2015, Bulington went to a Payless Supermarket in Lafayette. He used the store's U-Scan self-service checkout. After he scanned and bagged his merchandise, but before paying, he told the store's associate that he wanted to pick up a few more items in the store before completing his purchase. Bulington then left the U-Scan area and attempted to exit the building with the items for which he had not paid. Bulington was arrested by the store's loss-prevention officer.

On February 17, 2015, the State charged Bulington with one count of Level 6 Felony theft. On May 20, 2015, Bulington pleaded guilty to one count of theft. On June 23, 2015, the trial court sentenced Bulington to two years in the Department of Correction, with credit given for time served. Bulington now appeals.

---

[1] Ind. Code § 35-43-4-2.

# Discussion and Decision

[4] Bulington has one argument on appeal: that the two-year sentence is inappropriate. Indiana Appellate Rule 7(B) allows this Court to independently review and revise a sentence authorized by statue if, after due consideration, we find the trial court's sentence inappropriate in light of the nature of the offense and the character of the offender. *Anderson v. State,* 989 N.E. 2d 823, 827 (Ind. Ct. App. 2013). On appeal, Bulington bears the burden of persuading this court that the sentence is inappropriate. *See Childress v. State,* 848 N.E.2d. 1080 (Ind. 2006).

[5] As previously noted, the trial court imposed a two-year sentence for the theft conviction. Indiana code section 35-50-2-7(b) provides that a person who commits a Level 6 felony shall be imprisoned for a fixed term of between six months and two and one-half years, with the advisory sentence being one year. Therefore, Bulington received more than the advisory but less than the maximum sentence.

[6] Turning to the nature of Bulington's offense, he intentionally lied to the store associate to facilitate his theft. His conduct in the store demonstrates that he had a premeditated plan, including how he would obtain store bags to complete the theft and where and how he would exit the store to avoid detection. He did not anticipate the store associate not falling for his ruse. Bulington does not dispute the fact that he shoplifted the merchandise; he merely minimizes his theft because it did not involve the theft of entertainment or luxury items.

Bulington argues that his offense should be excused because he was stealing food; yet, there is no evidence to suggest he was malnourished or could not legally obtain food. The fact that Bulington had a Hoosier Works card issued by the State of Indiana Family and Social Services Agency suggests that he understood the process for obtaining financial assistance.

[7] Turning to Bulington's character, his lengthy criminal history must be acknowledged. He was convicted of the following over a period of fourteen years: in 2000, felony fraud and identity deception; in 2003, financial transaction card fraud; in 2009, two convictions for conversion; in 2010, conversion; in 2013, two convictions for felony theft; in 2014, two convictions for felony theft; and in 2015, three convictions for check deception. He was on probation in two different counties for felony theft at the time he committed this offense. As the trial court said to Bulington at sentencing, "The only gaps that you have from committing the crime of theft and stealing from other people has either you have been in jail or you have been in rehab [for a stroke]. Otherwise you are committing the crime of theft or fraud nonstop". Tr. P. 31. Bulington has evinced an inability or unwillingness to comply with the laws of society. We do not find his sentence inappropriate in light of the nature of the offense and his character.

[8] The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.